UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED

NOV - 3 2006


CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JOSE MARIA SANCHEZ, | * | CIV. 05-4168 |
| Plaintiff, | * | |
| vs. | * | MEMORANDUM OPINION |
| | * | AND ORDER |
| DOUGLAS WEBER, Warden, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendant filed a Motion for Summary Judgment, Doc. 18, contending that this action should be dismissed because Plaintiff failed to exhaust his administrative remedies. Plaintiff filed a letter dated July 7, 2006, requesting that this case be taken to trial and that an attorney be appointed. (Doc. 22.) For the reasons set forth below, this action will be dismissed without prejudice for failure to exhaust administrative remedies and Plaintiff's request for counsel will be denied.

## BACKGROUND

Plaintiff is an inmate in the South Dakota State Penitentiary ("SDSP"). He brought this action pursuant to 42 U.S.C. § 1983, claiming that he requested a vegetarian diet for religious purposes but that it was denied by the Defendant and the Chapel Activities Coordinator.

Defendant contends that Plaintiff has not filed any request for administrative remedy in the SDSP's established inmate grievance system. Barbara Boldt, Plaintiff's case manager at the SDSP, filed an affidavit stating that she maintains Plaintiff's institutional file, which contains all administrative remedy requests Plaintiff may have submitted, and that Plaintiff's file does not contain such a request relating to the alleged denial of a vegetarian diet for religious purposes. Plaintiff has not submitted any evidence in response to Defendant's motion.

## DISCUSSION

In considering a motion for summary judgment, the Court asks the question whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Once the motion for summary judgment is made and supported, it places an affirmative burden on the non-moving party to go beyond the pleadings and 'by affidavit or otherwise' designate 'specific facts showing that there is a genuine issue for trial.'" *Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271 (8th Cir. 1992) (quoting Fed.R.Civ.P. 56(e)). "A plaintiff's verified ... Complaint is the equivalent of an affidavit for purposes of summary judgment, and a complaint signed and dated as true under penalty of perjury satisfies the requirements of a verified complaint." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 994-95 (8th Cir. 2001) (citations omitted). If the allegations in the verified complaint consist of nothing more than conclusory allegations, however, they are insufficient to overcome a summary judgment motion. *See Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999).

Plaintiff is required to exhaust his administrative remedies before bringing an action under 42 U.S.C. § 1983:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Eighth Circuit has characterized the exhaustion requirement as a non-jurisdictional affirmative defense, which may be waived by the defendants. *See Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001).

The prisoner must exhaust his administrative remedies even if the precise relief he seeks in his § 1983 lawsuit is not available through the prison grievance system. *See Booth v. Churner*, 532 U.S. 731, 739 (2001). Also, although § 1997e(a) refers to "prison conditions," the United States Supreme Court has interpreted that phrase to mean "the PLRA's exhaustion requirement applies to

2

all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The relevant time frame to make the exhaustion determination is the time of filing. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). In other words, "in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory." *Id.*

The purpose of the exhaustion requirement is to afford corrections officials the opportunity to address inmate complaints internally before they are litigated. "In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Id.*

Defendants assert that Plaintiff has not exhausted his administrative remedies as to his claim that he has been denied a vegetarian diet in violation of his religious beliefs. The Defendant produced evidence that Plaintiff did not submit an administrative remedy request regarding his claim in this action. *See* Affidavit of Barbara Boldt, Doc. 19. Plaintiff did not respond to the motion to provide evidence of exhaustion of administrative remedies. The only evidence contrary to Defendant's evidence is in Plaintiff's verified complaint where he summarily states he filed an informal resolution request and administrative remedy request form. Plaintiff, however, has not produced a copy of such a request, or explained why he cannot produce a copy to the Court. Plaintiff's conclusory allegation in his complaint is not sufficient to create a genuine issue of material fact that he exhausted his administrative remedies as to the claims in this action. Thus, his claim must be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a).

Plaintiff filed a letter again requesting appointment of counsel, Doc. 22. The factors relevant to evaluating a request for appointment of counsel include "whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity

3

---

of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). The Court denied Plaintiff's first request for counsel in this action and does not find it appropriate to appoint counsel at this time. Whether Plaintiff exhausted his administrative remedies is the only relevant issue at this time, which does not present a factually or legally complex question. Moreover, Plaintiff is capable of investigating the facts regarding his use of the inmate grievance system and presenting any evidence or argument on that issue. Accordingly,

IT IS ORDERED:

1. That Plaintiff's Motion for Appointment of Counsel, Doc. 22, is denied.

2. That Defendants' Motion for Summary Judgment, Doc. 18, is granted and this action is dismissed without prejudice for failure to exhaust administrative remedies.

Dated this 3rd day of November, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
By: _____, Deputy
(SEAL)